The judgment of the district court will be affirmed.

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Mary McKEE, Defendant-Appellant.**

**No. 71–1752.**

United States Court of Appeals, Sixth Circuit.

March 6, 1972.

S. Allen Early, Jr., and Russell L. Swarthout, Detroit, Mich., on brief, for defendant-appellant.

Loren G. Keenan, Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant in this case was charged in a 28-count indictment with fraudulently preparing income tax returns, in violation of 26 U.S.C. § 7206(2) (1970). A three-year sentence was entered under 18 U.S.C. § 4208(b) (1970) on the first count only and appellant appealed.

Appellant's counsel argued before us that reversal of conviction on this count was required because the government failed to prove a case for submission to the jury. In this regard his principal point was that there was no affirmative proof that appellant had prepared the income tax return in question.

On inspection of the briefs and appendices and the original record in this case, we are convinced that the government made out a prima facie case of fraudulent preparation of the 1963 income tax return of Charles Brant by 1) offering into evidence Brant's 1963 income tax return (Government Exhibit 3), which on the line designated for the person preparing the return is signed with what purports to be appellant's signature, and contains beside it an address which is admitted to be appellant's ad-

dress; 2) the testimony of Charles Brant, as follows:

"Q. Do you know the Defendant in this case, Mrs. Mary McKee?

A. Yes.

Q. How long have you known her?

A. I first went to her in—it would be in 1963.

Q. Why?

A. I went to her to have income tax filed.

Q. Mr. Brant, I show you Government's Exhibit 3 in evidence and ask you to identify it, please, if you would, sir.

A. This is my 1963 report."

3) Brant's subsequent testimony denying that he had furnished appellant information on which a business expense item was based contained in the record as follows:

"Q. Mr. Brant, referring to the exhibit you have in your hand now, and referring specifically to Schedule C, line 4, would you read the number that appears there, please?

A. 'Cost of labor.'

Q. Excuse me, sir. What else does it say in parenthesis?

A. 'Do not include salary paid to yourself.'

Q. What dollar figure is shown there, sir?

A. $2,209.65.

Q. What, if anything, did you tell Mrs. McKee about that entry?

A. I did not tell her anything.

Q. Did you at any time tell her you had a man working for you?

A. No."

■ In addition, the jury had before it (and had a right to consider) the pattern of similar conduct on the part of appellant in relation to the other 27 counts of the indictment as to which the jury brought in 14 additional verdicts of guilty.

■ In our judgment there was ample evidence from which the jury could have found appellant guilty on Count 1 of the indictment on which she was sentenced.

We find no need to remand this case for any further investigation pertaining to appellant's allegation of electronic surveillance. The United States Attorney who was in charge of the case testified before the District Court: "I'm absolutely certain that the government itself and no agents of the government engaged in any electronic surveillance."

The judgment of the District Court is affirmed.